IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: </br> LAZY DAYS' RV CENTER INC., </br> et al., </br> </br> Debtor. </br> -------------------------------------------------- </br> </br> I-4 LAND HOLDING LIMITED </br> COMPANY, </br>          Appellant, </br> </br> v. </br> </br> LAZY DAYS' RV CENTER INC., </br> et al., </br> </br>          Appellees. | ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) | Bankruptcy Case No. 09-13911 (KG) </br> </br> </br> </br> </br> </br> </br> </br> </br> </br> </br> Civ. No. 11-626-RGA |

## MEMORANDUM OPINION

    Stuart M. Brown, Esq., DLA Piper LLP (US), Wilmington, Delaware; Attorney for I-4 Land Holding Limited Company.

    Edmon L. Morton, Esq., Young Conaway Stargatt & Taylor, LLP, Wilmington, Delaware; Attorney for Lazy Days' R.V. Center, Inc., et al.

September **24**, 2012 </br>
Wilmington, Delaware

*/s/ Richard G. Andrews*
ANDREWS, UNITED STATES DISTRICT JUDGE:

This is an appeal from an order of the Bankruptcy Court. This Court has jurisdiction pursuant to 28 U.S.C. § 158(a)(1).

I-4 Land Holding Limited Company – the appellant – owns land in Florida. The appellees ("Lazy Days" and "LDRV") are "reorganized debtors." Before the reorganization in bankruptcy, Lazy Days had a lease on the land with I-4. The lease had an option to purchase. As a result of the bankruptcy, LDRV emerged with the lease. The present dispute concerns whether LDRV still has the option to purchase.

On November 5, 2009, Lazy Days and LDRV filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. (D.I. 153, ¶ 4).[1] The Bankruptcy Court confirmed the reorganization plan on December 8, 2009. (D.I. 166, p.1). The Court closed the case March 22, 2010. (D.I. 150). On June 7, 2011, the "reorganized debtors" filed an "Emergency Motion to Reopen Chapter 11 Case." (D.I. 153). On June 11, I-4 filed an Objection including twelve pages of legal argument. (D.I. 161). The Bankruptcy Court held argument on June 13. (D.I. 164, 167). On June 16, the Bankruptcy Court issued a seven-page Memorandum Order, granting the relief requested by the reorganized debtors. (D.I. 166). The Bankruptcy Court decreed that: (1) The lease was assumed by Lazy Days and assigned to LDRV pursuant to 11 U.S.C. § 365(a); (2) Section 13.1 of the lease is an anti-assignment provision and unenforceable pursuant to 11 U.S.C. § 365(f)(3); (3) I-4's actions in refusing the purchase option violate the confirmation order and plan; and (4) I-4 shall comply with the Court's orders and permit the purchase option. (D.I. 166, pp. 6-7). I-4 noticed an appeal on June 23. (D.I. 169).

---

[1] Unless otherwise indicated, references are to the record in the Bankruptcy Court.

2

The matter has been extensively briefed in this Court. I-4 argues that the Bankruptcy Court committed seven reversible errors of law, all of which should be reviewed *de novo*. The reorganized debtors argue that, while three of the supposed errors are subject to *de novo* review, four of them involve the exercise of discretion, and are therefore subject to review for abuse of discretion.

The relevant facts are that Lazy Days had a lease on certain land. The lease prohibited Lazy Days from assigning its lease "without the prior written consent of Landlord, which consent shall not be unreasonably withheld or delayed." Lease, § 13.1. There was an exception that allowed Lazy Days, under some circumstances, to assign the lease to related parties. Lease, § 13.2. The purchase option stated: "Provided that this Lease has not been assigned . . . other than pursuant to Section 13.2 and provided that [Lazy Days] is not then in default under this Lease, [Lazy Days] shall have [a purchase option, the details of which were specified]." Lease, § 33.3.

There was pre-petition litigation in Florida state court between Lazy Days and I-4, which was resolved in the bankruptcy proceeding by a Settlement Agreement. It stated that: "Except as otherwise provided in this Agreement, there is no intent to, nor is the Lease modified in any respect and the Lease and all terms and conditions thereof remain in full force and effect." (D.I. 153, Exh. B, ¶ 14). It further provided that Lazy Days intended to assume the lease and assign it to LDRV. (*Id.* at 2-3, ¶ D & at 6, ¶5) I-4 consented to the assignment without notice. (*Id.* at 7, ¶ 5). The Bankruptcy Court's confirmation order required the reorganized debtors to assume the lease and the Settlement Agreement. (D.I. 93, at 40, ¶25).

The reorganized debtors attempted to exercise the purchase option on May 12, 2011. (D.I. 153, ¶¶ 12-13). I-4 refused. (*Id.*, ¶14). Thereafter the reorganized debtors and I-4 initiated

3

two lawsuits, one on June 1, 2011, and one on June 7, 2011, in Florida state court to vindicate their respective rights. (No. 11-626, D.I. 9, p. 11; D.I. 12, pp. 9-10). At least one of those two lawsuits is pending, with mediation scheduled for September 24, 2012, and trial scheduled for November 5, 2012. (No. 11-626, D.I. 15).

The first issue is that of the Bankruptcy Court's jurisdiction. I-4 objected to it. (D.I. 161, ¶ 33). Therefore, I-4 preserved the issue. The Bankruptcy Court cited as its jurisdictional authority 11 U.S.C. § 350(b), which provides that, "A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." The Bankruptcy Court decision to reopen involves its exercise of discretion. Thus, review of that exercise is for abuse of discretion. *See Donaldson v. Bernstein*, 104 F.3d 547, 551 (3d Cir. 1997). The Bankruptcy Court's Memorandum Order stated two reasons why it was reopening the case. The first was that it was "appropriate for the Court to interpret its own Confirmation Order."[2] The second was that I-4 had "attacked a central provision of the Plan and Confirmation Order," and that the Court had retained jurisdiction to hear disputes regarding interpretation or enforcement of the Confirmation Order. (D.I. 166, pp. 3-4).

---

[2] I agree in the abstract that it is appropriate for the Bankruptcy Court to interpret its own orders. I would also agree with the unstated premise that the Bankruptcy Court had an institutional advantage (i.e., years of experience and knowledge relating to every conceivable bankruptcy issue) in doing so. To the extent it might be read to suggest that the Bankruptcy Court was clarifying its intent at the time it entered the order, I do not think such reasoning would apply to this case. The confirmation order was written by the litigants (*see* D.I. 104, pp. 6-13), not the Bankruptcy Court. This case was a "pre-pack." (D.I. 104, p. 3; D.I. 167, p. 5). To the extent there was any ambiguity in the order, the ambiguity was introduced by the litigants, not the Court. The confirmation order was essentially a stipulated order. Interpretation of the confirmation order thus presented a question of law. *See In re Insilco Techs., Inc.*, 480 F.3d 212, 215 n.7 (3d Cir. 2007).

I-4 now relies upon *In re Martin's Aquarium*, 98 F. App'x 911 (3d Cir. 2007).[3] The Bankruptcy Court had approved a settlement of a contested adversary proceeding, and closed the case. The parties to the adversary proceeding subsequently engaged in quite a bit of state court litigation. Nearly two years later, the Court reopened the bankruptcy proceedings, and ruled that the order approving the settlement was a judgment. The Third Circuit reversed. While I think it is fair to interpret the Third Circuit's decision as primarily resting upon other grounds, the Court noted:

> [T]he reason asserted to reopen proceedings here is particularly ill-founded. In effect, [the creditors] asked the Bankruptcy Court to reopen proceedings . . . for the limited "sole" purpose of giving an opinion regarding the effect of its [order approving the settlement], which could then be submitted to the state courts. In the normal course, the effect of the [order] in a subsequent state litigation was a matter for the state court to determine. . . . A bankruptcy court–or any federal court–should not provide advisory opinions for state court litigants.

*Id.* at 913. As I-4 points out, the Bankruptcy Court's Memorandum Order has the flavor of advisory opinion: "To be clear and to provide guidance to any other court asked to decide any issue involving the Lease or the Purchase Option, the Lease is to be read without Section 13.1, which is invalid." (D.I. 166, pp. 5-6). Thus, while the decree stated, "[I-4 shall comply with the terms of the Lease (including but not limited to the Purchase Option), the Settlement Agreement, the Confirmation Order, and the Plan," (*id.*, p.7), it is crystal clear that the reorganized debtors went to the Bankruptcy Court to get an opinion that could be submitted to the Florida courts,[4] and

---

[3] Regrettably, under the expedited briefing schedule in the Bankruptcy Court, it does not appear that this case was brought to the Bankruptcy Court's attention. (*See* D.I. 161).

[4] As counsel forthrightly explained to the Bankruptcy Court: "[W]e think that this ruling is going to instruct the Florida proceedings and well, to be quite frank, more specifically, the parties of the Florida proceedings." Tr. at p. 25.

5

were successful in doing so. Thus, I conclude that the Bankruptcy Court abused its discretion in reopening these proceedings, and I will vacate its Memorandum Order (D.I. 153) and remand for further proceedings consistent with this Memorandum Opinion.

    A separate order will be entered.